


Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 6121 | **DATE** | 12/18/2002 |
| **CASE TITLE** | McCarter vs. John Hancock Center et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) is granted without prejudice [3-1], [4-1], [6-1]. Additionally, the remainder of the action is remanded to the Circuit Court of Cook County. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TSA — courtroom deputy's initials | 02 DEC 24 PM 12:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 2 6 2002

PAREETA McCARTER, )
　　　　Plaintiff, )
　　　　v. )
JOHN HANCOCK CENTER, SHORENSTEIN )
REALTY SERVICES, L.P., S.R.I. MICHIGAN )
AVENUE VENTURE L.L.C., K.R. MILLER )
CONTRACTORS, INC. and LAKESIDE BUILDING )
MAINTENANCE, INC., )
　　　　Defendants. )　　No. 02 C 6121

　　　　　　　　　　　　　　　　　　　　　　　Wayne R. Andersen
K.R. MILLER CONTRACTORS, INC., )　　District Judge
　　　　Third-Party Plaintiff, )
　　　　v. )
UNITED STATES POSTAL SERVICE, )
　　　　Third Party-Defendant, )

LAKESIDE BUILDING MAINTENANCE, INC., )
　　　　Third-Party Plaintiff, )
　　　　v. )
UNITED STATES, )
　　　　Third Party-Defendant, )

SHORENSTEIN REALTY SERVICES, L.P. and S.R.I. )
MICHIGAN AVENUE, L.L.C., )
　　　　Third-Party Plaintiffs, )
　　　　v. )
UNITED STATES OF AMERICA, d/b/a UNITED )
STATES POSTAL SERVICE, )
　　　　Third Party-Defendant. )



## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the United States as third party defendant to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On September 6, 2001, the plaintiff, Pareeta McCarter, filed an amended complaint in the Circuit Court of Cook County, Illinois against defendants John Hancock Center, Shorenstein Realty Services, L.P., S.R.I. Michigan Avenue Venture, L.L.C, K.R. Miller Contractors, Inc., and Lakeside Building Maintenance, Inc. for negligence. Specifically, McCarter has alleged that the defendants are liable for injuries she suffered after she slipped and fell while working as a mail carrier in the United States Post Office facility located in the John Hancock building. On June 21, 2002, defendant K.R. Miller Contractors, Inc. filed a third party complaint for contribution in the Circuit Court of Cook County against the United States Postal Service (though the United States, and not the Postal Service, is the proper third party defendant). On August 28, 2002, defendant Lakeside Building Maintenance, Inc. also filed in the Circuit Court a third party contribution complaint against the United States. Finally, on September 3, 2002, the United States Attorney's Office was served with another third party complaint for contribution, this time filed by Shorenstein Realty Services, L.P. and Michigan Avenue Venture, L.L.C.

On August 28, 2002, the United States filed a notice of removal pursuant to 28 U.S.C. § 1442(a)(1) with respect to all claims for contribution against the United States in the underlying negligence suit filed by McCarter. Once this Court received the case file, the

United States filed a motion to dismiss for lack of subject matter jurisdiction. In essence, the government has argued that the case should be dismissed in light of the derivative jurisdiction doctrine. The motion has been fully briefed and is now ripe for decision.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exits. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (citing *Bowyer v. United States Dep't of Air Force*, 874 F.2d 632, 635 (7th Cir. 1989)). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. *See Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673 (1942). It is with these principles in mind that we address the motion before us.

The United States requests that we dismiss the third party complaint against it because the state court (where the action was initially filed) did not have original jurisdiction over the government with respect to a contribution claim brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* In other words, the United States contends that this action should be dismissed pursuant to the antiquated, yet remarkably resilient, derivative jurisdiction doctrine.

3

This doctrine holds that, if the state court where an action was initially commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal. *See Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction."). Rather, the federal court's jurisdiction is derivative of that of the state court. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657 (1981) (referring to "the area of general civil removals," the Court noted the "well-settled" rule that, if the state court lacks jurisdiction, the federal court acquires none upon removal; the Court then declared that principle to be "instructive" in the Section 1442 context).

Here, it is undisputed that the Circuit Court of Cook County lacked jurisdiction over the third party contribution action, as claims under the Federal Tort Claims Act lie within the exclusive jurisdiction of the federal courts. *See* 28 U.S.C. § 1346(b)(1). Furthermore, there is no question that the United States had the right to remove this case to federal court pursuant to 28 U.S.C. § 1442. *See* 28 U.S.C. § 1442(a) (1) ("A civil action . . . commenced in a State court against any of the following may be removed by them to the district court . . .: 1) The United States or any agency thereof . . . sued in an official or individual capacity for any act under color of such office . . . .") However, the third party plaintiffs have suggested that we disregard the derivative jurisdiction doctrine in this case because Congress abolished the doctrine for cases brought under the general civil removal statute, 28 U.S.C. § 1441. Specifically, subsection (e) to 28 U.S.C. § 1441 provides that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such action

4

because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e).

The question then is whether Section 1441(e) should be extended to cover removals under Section 1442(a). The government argues that principles of statutory construction, as well as binding circuit authority, require us to conclude that Congress only intended to abolish derivative jurisdiction as to removals under Section 1441 and not to removals brought by the United States pursuant to Section 1442. The third party plaintiffs, on the other hand, contend that we should recognize the inherent congressional policy behind Section 1441(e) and extend the abolition of derivative jurisdiction to all statutory removals. While we recognize that the derivative jurisdiction doctrine has been much maligned as a waste of valuable judicial resources, we nevertheless must conclude that the doctrine remains intact with respect to removal under Section 1442.

The weight of the authority in this circuit holds that the derivative jurisdiction doctrine remains applicable to removals under Section 1442(a)(1). The Seventh Circuit has held that "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Minnesota*, 305 U.S. at 389). Furthermore, the court stated that "if the state court lacks the jurisdiction [to entertain a Federal Tort Claims Act dispute], the district court will be in no better position than the state court . . . once the case is removed to federal court." *Id.*; *see also People v. Mayfield*, 1999 WL 414264, at *2 (N.D. Ill. May 27, 1999) ("On a removal from state court pursuant to Section 1442, this Court's jurisdiction is

5

derivative of the state court's jurisdiction."). Based on this controlling precedent, we conclude that the doctrine of derivative jurisdiction is alive and well in the Seventh Circuit, and its application here requires that this case be dismissed for lack of subject matter jurisdiction.

This conclusion is supported not only by the Seventh Circuit's decision in *Edwards* but also by a strong majority of cases from other regions of the country. In fact, virtually every court that has addressed the issue has concluded that the derivative jurisdiction doctrine still applies to removals filed pursuant to 28 U.S.C. § 1442(a). *See, e.g., Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction."); *Elko County Grand Jury v. Siminoe*, 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Giuffre v. City of New York*, 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000) ("there is no exception to the derivative jurisdiction doctrine that governs cases removed pursuant to Section 1442."); *Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 355 (E.D.N.Y. 1999) ("the Court holds that the doctrine of derivative jurisdiction remains viable under Section 1442."); *Bosaw v. Nat'l Treasury Employees' Union*, 887 F. Supp. 1199, 1209 (S.D. Ind. 1995) ("[T]he most recent Seventh Circuit precedent indicates that the Court's jurisdiction is restricted to whatever jurisdiction the state court had over this . . . dispute."); *but see North Dakota v. Fredericks*, 940 F.2d 333, 337 (8th Cir.

1991) ("[T]he policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction doctrine.").

In sum, because the Circuit Court of Cook County lacked jurisdiction over the third party complaint for contribution pursuant to the Federal Tort Claims Act, this Court acquired none upon removal. Accordingly, the third party complaint against the United States must be dismissed without prejudice, and the remainder of the tort suit filed by the plaintiff remanded to the Circuit Court of Cook County. If judgment is entered against one or more of the defendants, they may subsequently seek contribution against the United States in a separate suit filed in federal court. As the United States correctly points out in its reply brief, a claim for contribution does not accrue until the party seeking contribution has paid a settlement or has a judgment entered against it. *See Chicago, R.I. & Pac. Ry. Co. v. United States*, 220 F.2d 939, 942 (7th Cir. 1955).

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted without prejudice. Additionally, the remainder of the action is remanded to the Circuit Court of Cook County. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 18, 2002